```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF INDIANA
                     SOUTH BEND DIVISION


VAEDA INDUSTRIES, INC.              )
                                    )
Plaintiff,                          )
                                    )
    v.                              )   NO. 3:07-CV-348
                                    )
JASON, INC.,                        )
                                    )
Defendant.                          )
```

**OPINION AND ORDER**

This matter is before the Court on the Defendant's Motion to Dismiss, filed on August 20, 2007 (D.E. # 4). The Defendants seek dismissal of the Plaintiff's complaint for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. For the reasons set forth below, this motion is **GRANTED**. The case is **DISMISSED** without prejudice.

Background

This action was originally filed by Vaeda Industries, Inc. ("Vaeda") against Jason Incorporated ("Jason") in the Circuit Court for the County of Elkhart on June 22, 2007. Vaeda is an Indiana corporation with its principal place of business in Elkhart County, Indiana. Jason is a Wisconsin corporation with its principal place

of business in Milwaukee County, Wisconsin. On July 26, 2007, Jason removed the case to this Court based on diversity jurisdiction.

Vaeda's complaint alleges that from September 11, 2006, through April 27, 2007, Jason placed certain purchase orders with Vaeda for the manufacture of boat seating. According to Vaeda, Vaeda has performed all duties pursuant to the purchase orders and Jason has failed to pay Vaeda $112,833.33 for services rendered.

On August 20, 2007, Jason filed the currently pending motion to dismiss for improper venue. Jason contends that Vaeda is bound by a forum selection clause set forth in the purchase orders and, therefore, this case should be dismissed. Vaeda contends that the forum selection clause should not be enforced due to unconscionability.

The parties have submitted affidavits and an evidentiary hearing on these issues was held on February 12, 2008. The following facts were presented.

Jason's purchase orders that Vaeda received and filled over the course of their relationship (from about 2003-2007) stated that "Acceptance of purchase order is subject to Milsco Terms and Conditions (WI-MPR-007.3.) Request WI-MPR-007.3 if needed." The Milsco Terms and Conditions ("Terms and Conditions") stated in pertinent part that "The orders shall be governed by, and construed according to the laws of the state of Wisconsin, and any litigation

against us must be commenced only in the Circuit Court of Milwaukee County, Wisconsin."

The president and co-owner of Vaeda, Robert Steurry, testified that he has been employed with Vaeda for 29 years and has been president of Vaeda for 20 years. His job duties include, among other things, overseeing purchase orders submitted by buyers. He testified that he had not paid attention to the statement in the purchase order regarding requesting the Terms and Conditions and did not request the Terms and Conditions because the purchase orders contained all the information that he needed.

The testimony and parties' submissions also indicated that no one at Vaeda was aware that the Terms and Conditions included a forum selection clause, had ever requested the Terms and Conditions, or had ever signed them. Moreover, Jason never provided the Terms and Conditions to Vaeda or discussed them with Vaeda until this litigation.

Discussion

Venue may be challenged pursuant to a Rule 12(b)(3) motion to dismiss based upon a forum selection clause. *Muzumdar v. Wellness Int'l Network, Ltd.*, 438 F.3d 759, 760 (7th Cir. 2006). On a Rule 12(b)(3) motion to dismiss, the Court construes all disputed facts in the light most favorable to the non-moving party. *Johnson v.*

*Masselli*, No. 2:07-CV-214, 2008 WL 111057, *3 (N.D. Ind. January 4, 2008). Vaeda has the burden to prove that venue is proper. *Id.*

The parties agree that either Wisconsin or Indiana law applies to determine the enforceability of the forum selection clause. *See Abbott Laboratories v. Takeda Pharmaceutical Co., Ltd.*, 476 F.3d 421, 423 (7th Cir. 2007). Accordingly, this Court will consider both states' law.

*A. Indiana law*

Under Indiana law, a forum selection clause is enforceable if the clause is "reasonable and just under the circumstances and there is no evidence of fraud or overreaching such that the agreeing party, for all practical purposes, would be deprived of a day in court." *Horner v. Tilton*, 650 N.E.2d 759, 763 (Ind. Ct. App. 1995)(quoting *Mechanics Laundry & Supply, Inc. v. Wilder Oil Co., Inc.*, 596 N.E.2d 248, 252 (Ind. Ct. App. 1992)); *Farm Bureau General Ins. Co. of Michigan v. Sloman*, 871 N.E.2d 324, 329 (Ind. Ct. App. 2007); *Grott v. Jim Barna Log Systems-Midwest, Inc.*, 794 N.E.2d 1098, 1102 (Ind. Ct. App. 2003). Courts also evaluate whether the clause was freely negotiated, which is a fact sensitive test. *Horner*, 650 N.E.2d at 763. "The consideration of whether a contract is freely negotiated involves a comparison of the bargaining position of the parties to the contract," and is "similar" to an unconscionability analysis. *Id.*

-4-

"[A] contract may be declared unconscionable when there is a great disparity in bargaining power which leads the party with the lesser power to sign a contract unwillingly or unaware of its terms." *Dan Purvis Drugs, Inc. v. Aetna Life Insurance Co.,* 412 N.E.2d 129, 131 (Ind. Ct. App. 1980); *see also Horner*, 650 N.E.2d at 763; *Sequa Coatings Corp. v. Northern Indiana Commuter Transportation District*, 796 N.E.2d 1216, 1228 (Ind. Ct. App. 2003); *Beaver v. Grand Prix Karting Ass'n, Inc.*, 246 F.3d 905, 910 (7th Cir. 2001). In other words, a clause may be declared unconscionable if it is "'such as no sensible man not under delusion, duress or in distress would make, and such as no honest and fair man would accept.'" *Dan Purvis Drugs,* 412 N.E.2d at 131 (quoting *Weaver v. American Oil Co.*, 276 N.E.2d 144, 146 (Ind. 1971)); *Beaver*, 246 F.3d at 910. Vaeda carries the burden of proof that the clause is unconscionable. *Hahn v. Ford Motor Co., Inc.*, 434 N.E.2d 943, 951 (Ind. Ct. App. 1982).

Vaeda contends that the clause is unconscionable under Indiana law because Jason never provided Vaeda with the Terms and Conditions or discussed them with Vaeda and because Vaeda never actually read the clause, expressly agreed to it, or signed it.[1] Veada also argues that the clause is unconscionable because litigating in Wisconsin would lead to a considerable inconvenience and expense to Vaeda.

---

[1] Vaeda never contends that the lack of a signature bears on any issue other than unconscionability.

-5-

Here, there is no disparity in bargaining power between the parties to support a finding of unconscionability. Indeed, Vaeda admits that it is an experienced merchant and does not present any evidence or argument that it was acting under delusion, duress or distress caused by a difference in bargaining position. In fact, the evidence indicates that Vaeda was in a position to decline to sell its goods to Jason or to request better terms. In addition, Vaeda's president and co-owner knew about the Terms and Conditions document and chose not to request it at any time over the course of a 4 year relationship with Jason. Notably too, there is no evidence that Vaeda's failure to request and read the Terms and Conditions resulted from fraud or overreaching or any other misconduct on the part of Jason, but rather, the evidence shows that Vaeda simply chose to proceed at its own risk without knowing what was agreeing contained in the Terms and Conditions.

Further, Vaeda's argument that it would be expensive and inconvenient to litigate in Wisconsin rather than Indiana does not support a finding of unconscionability. Indiana courts have repeatedly held that "'[a] claim that unnecessary travel expenses will result from trial in the contractual forum is far from sufficient, by itself, for this court to conclude that an otherwise reasonable and freely negotiated contractual provision is unenforceable.'" *Dexter Axle Co. v. Baan USA, Inc.*, 833 N.E.2d 43, 48 (Ind. Ct. App. 2005) (quoting *Grott* 794 N.E.2d at 1104). Here,

Wisconsin is a relatively close forum to Indiana and certainly something an Indiana business might have reasonably agreed to. Accordingly, for the reasons set forth above, this Court finds that Vaeda has failed to establish that the contract is not freely negotiated or is unconscionable under Indiana law.

Vaeda argues that *One Step Up, Ltd. v. Kmart Corp.,* No. 97 CIV. 1469, 1997 WL 391117 (S.D.N.Y. July 11, 1997) compels a different conclusion because, in that case, the court refused to enforce a forum selection clause contained in an unsigned purchase order. *One Step Up* is inapposite here because the court never addressed unconscionability, the only issue raised by Vaeda. Rather, in *One Step Up*, the Court applied UCC § 2-207 and found that a forum selection clause included in a purchase order was a "proposal to add a material term to pre-existing oral contracts and as such required One Step Up's consent before it could be bound." *One Step Up*, 1997 WL 391117, at *2. The court found it relevant that One Step Up had not signed the purchase order, which could have indicated consent to be bound as required under the UCC. Here, although this Court notes that an argument under UCC § 2-207 may have been more successful, it was not raised by Vaeda. Vaeda has only raised unconscionability. In fact Vaeda has submitted no facts related to the formation of the contract and has never suggested that it should not be bound by the forum selection clause in the absence of a finding of unconscionability. As such, the reasoning of *One Step Up*, pertaining

-7-

to a UCC § 2-207 analysis is not persuasive to Vaeda's unconscionability argument.

Vaeda also argues that *Maxon Corp. v. Tyler Pipe Industries, Inc.*, 497 N.E.2d 570 (Ind. Ct. App. 1986) compels a finding of unconscionability under Indiana law despite the undisputed fact that both Vaeda and Jason are experienced merchants. In *Maxon*, the Indiana Court of Appeals found that an indemnification clause would have been unconscionable had it been deemed a part of the contract (the Court had already determined that the clause was not part of the contract under UCC § 2-207). *Maxon*, 497 N.E.2d at 577. *Maxon*, however, is distinguishable from the present case because *Maxon* involved a "harsh" clause buried in a long passage titled "warning and covenants." *Id.* at 577-78. In contrast, here, the forum selection clause is not comparable to the "harsh" indemnification clause in *Maxon*, nor is there any evidence misrepresentation in the present case as there was in *Maxon*. Rather, the fact that Vaeda was unaware of the forum selection clause before filling the purchase orders is only attributable to its own neglect in failing to request the Terms and Conditions. *See, e.g., Shumate v. Lycan*, 675 N.E.2d 749, 753 (Ind. Ct. App. 1997)("[T]he fact that Shumate did not read the release before he signed it is only attributable to his own neglect and not to that of Lycan as long as Lycan's actions did not include fraud or misrepresentation, neither of which Shumate alleged.").

*B. Wisconsin law*

In Wisconsin, forum selection clauses are presumptively valid. *Pietroske, Inc. v. Globalcom, Inc.*, 685 N.W.2d 884, 886 (Wis. Ct. App. 2004). Vaeda bears the burden of proof of unconscionability. *Aul v. Golden Rule Ins. Co.*, 737 N.W.2d 24, 33 (Wis. Ct. App. 2007). Under Wisconsin law, a forum selection clause will be enforced unless "there is a quantum of procedural unconscionability plus a quantum of substantive unconscionability." *Pietroske*, 685 N.W.2d at 886. This analysis requires a balancing approach. *Id.*

Factors bearing on whether procedural unconscionability exists include "age, education, intelligence, business acumen and experience, relative bargaining power, who drafted the contract, whether the terms were explained to the weaker party, whether alterations in the printed terms would have been permitted by the drafting party, and whether there were alternative providers of the subject matter of the contract." *Wisconsin Auto Title Loans*, Inc. v. Jones, 714 N.W.2d 155, 165-66 (Wis. 2006); *Kohler Co. v. Wixen*, 555 N.W.2d 640, 645-46 (Wis. Ct. App. 1996). "Substantive unconscionability addresses the reasonableness of the contract terms assented to by the parties." *Kohler*, 555 N.W.2d at 646; *Wisconsin Auto Title Loans,* 714 N.W.2d at 166 ("The analysis of substantive unconscionability requires looking at the contract terms and determining whether the terms are 'commercially reasonable'").

Vaeda presents the same unconscionability argument under Wisconsin law as it did under Indiana law. Specifically, Vaeda contends that the clause is unconscionable because Jason never provided Vaeda with the Terms and Conditions or discussed them with Vaeda and because Vaeda never actually read the clause, expressly agreed to it, or signed it. Veada also argues that the clause is unconscionable because litigating in Wisconsin would lead to a considerable inconvenience and expense to Vaeda.

Here, Vaeda has not met its burden to prove any procedural unconscionability under Wisconsin law. Vaeda admits it is an experienced merchant and does not claim any disparity in bargaining power between it and Jason. The president and co-owner of Vaeda, a business man of at least 29 years, who had business relations with numerous other companies, was aware of his ability to request the Terms and Conditions and chose not to. In addition, there is no evidence that Vaeda was so reliant on Jason's business that it could not have declined to sell its goods to Jason; in fact, the evidence suggests just the opposite. As such, this Court cannot find that procedural unconscionability exists. *See, e.g., Kohler,* 555 N.W.2d at 646 (finding no procedural unconscionability where individual had been a businessman for 15 years, had business relations with other companies before plaintiff, and could have contracted with someone other than the plaintiff and chose not to); *see also Original Great American Chocolate Chip Cookie Co., Inc. v. River Valley Cookies,*

*Ltd.*, 970 F.2d 273, 281 (7th Cir. 1992)("The Sigels are not vulnerable consumers or helpless workers. They are business people who bought a franchise (actually two, though the other isn't in issue in this case) in another state as an investment to be managed by local managers. They were not forced to swallow unpalatable terms. They have rightly declined even to argue unconscionability").

Moreover, Vaeda cannot blame Jason for its failure to request and review the Terms and Conditions. Just because Jason did not attach or discuss the forum selection clause[2] or because Vaeda did not sign the Terms and Conditions or expressly assent to them,[3] Vaeda cannot escape a forum selection clause it does not like. "Failure to read a contract, particularly in a commercial contract setting, is not an excuse that relieves a person from the obligations of the contract." *Pietroske*, 685 N.W.2d at 889.

In addition, Vaeda has not met its burden to prove substantive unconscionability. Vaeda has shown no "one-sidedness, unfairness, unreasonableness, harshness, overreaching, or oppressiveness of the provision at issue." *Nichols v. National Union Fire Insurance Company of Pittsburgh, Pa*, 509 F. Supp. 2d 752, 759 (W.D. Wis. 2007)(quoting *Wisconsin Auto Title Loans*, 714 N.W.2d at 171). Rather, it is reasonable for a Wisconsin corporation to draft a

---

[2] Vaeda never claims the Terms and Conditions document was not properly incorporated by reference.

[3] Vaeda never challenges acceptance.

-11-

contract requiring litigation in its home state.  *See Kohler*, 204 Wis.2d at 341. Accordingly, for the reasons set forth above, this Court finds that Vaeda has failed to establish unconscionability under Wisconsin law.

Conclusion

For the reasons set forth above, Jason's motion to dismiss is **GRANTED**. Accordingly, this case is **DISMISSED without prejudice** pursuant to the forum selection clause.


**DATED: March 7, 2008**              /s/ **RUDY LOZANO, Judge**
                                      **United States District Court**